# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**STANLEY MONTGOMERY**                                                                  **PETITIONER**

**v.**                                        **No. 1:14CV25-SA-JMV**

**CENTRAL MISSISSIPPI**
**CORRECTIONAL FACILITY, ET AL.**                                     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Stanley Montgomery for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

### Facts and Procedural Posture

On April 29, 2011, Stanley Montgomery entered a plea of guilty to five counts of identity theft in the Circuit Court of Winston County, Mississippi. Montgomery was sentenced to serve a term of five years on each count with the sentences in Counts II through V to run concurrently with the sentence imposed in Count I. The order further provided that Montgomery should be placed on post-release supervision for four years and fifty weeks after serving two weeks of his sentence. Montgomery was also ordered to pay restitution and court costs, with the first payment due within thirty days of his release from incarceration.

On August 13, 2013, the trial court modified the terms of Montgomery's post-release supervision and ordered that Montgomery be placed in a restitution center of the Mississippi

Department of Corrections. A second Order of Modification of Post-Release Supervision was filed on September 12, 2013, again requiring petition to be placed in a restitution center. Montgomery signed a statement, which indicated he was voluntarily entering the restitution center, on that same date. Montgomery, at his own request, was expelled from the Hinds County Restitution Center. Thereafter, following a hearing, Montgomery's post-release supervision was revoked by Order filed December 23, 2013, and Montgomery was ordered to serve four years and fifty weeks in the custody of the Mississippi Department of Corrections.

Montgomery filed a motion for post-conviction relief in the Winston County Circuit Court on April 9, 2013, in Cause No. 2013-058-CV. Montgomery's motion was denied by Order filed July 19, 2013. The docket in Cause No. 2013-058-CV does not reflect that Montgomery appealed the trial court's decision denying post-conviction relief, and no corresponding appeal appears on the Mississippi Supreme Court's electronic docket.

On January 16, 2014, Montgomery filed a second motion for post-conviction relief in the Winston County Circuit Court in Cause No. 2014-002-CV challenging the revocation of his post-release supervision. On March 12, 2014, the Winston County Circuit Court denied Montgomery's motion. In ruling on the motion, the trial court set forth the following additional facts:

> On August 12, 2013, this court entered an order modifying the terms of Montgomery's post-release supervision, by requiring that Montgomery be placed in a restitution center until such time as he paid all restitution, court costs, assessments and MDOC supervision fees. Consequently, Montgomery was placed in the Leflore County Restitution Center. Montgomery left the Leflore County Restitution Center after having been there for less than three (3) weeks. He was then placed in the Winston County Jail until this court could conduct a hearing to determine whether to revoke his post-release supervision for failing to remain at the restitution center until all restitution, court costs, assessments, and MDOC supervision fees were paid.
>
> On September 12, 2013, instead of revoking Montgomery's post-release supervision, this court gave Montgomery another chance at a restitution center. Therefore,

Montgomery was ordered to be placed in the Hinds County Restitution where he was to remain until he had paid all restitution, court costs, assessments, and MDOC supervision fees.

On November 22, 2013, Montgomery, at his request, was expelled from the Hinds County Restitution. On December 17, 2013, this court conducted a hearing to determine whether Montgomery's post-release supervision should be revoked. This court concluded that he failed to complete the terms of his modified post-release supervision because he failed to remain at the Hinds County Restitution Center until such time as he had earned the money to pay all restitution, court costs, assessments and MDOC supervision fees. Consequently, on December 23, 2013, an order was entered revoking Montgomery's post-release supervision and ordering that he serve four (4) years and fifty (50) weeks in the custody of the Mississippi Department of Corrections.

Montgomery appealed the lower court's denial of this post-conviction motion in Cause No. 2014-002-CV-L on April 7, 2014, and that appeal is currently pending before the Mississippi Supreme Court in Cause No. 2014-TS-00498.

Montgomery states in his habeas petition that he also filed a grievance with the Administrative Remedy Program (ARP) concerning his revocation. Montgomery has filed two complaints with the Administrative Remedy Program related to either his arrest for a violation of the terms of his post-release supervision or the revocation in MSP 12-1554. The first complaint was rejected because the incident about which Montgomery complained, the issuance of an arrest warrant in September 2011, had occurred more than thirty days prior to the date the ARP was received on July 16, 2012.

In the instant petition, Montgomery raises the following claims:

**Ground One** - The trial court was without jurisdiction to impose the sentence and conviction.

**Ground Two** - There exists evidence of material fact, not presented and heard that requires vacation of the sentence in the interests of justice.

**Ground Three** - The petitioner's post-release supervision was revoked in violation of the Constitution of the United States and Mississippi.

**Ground Four** - The sentence is subject to collateral attack pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act.

## Exhaustion of State Remedies

Montgomery has not presented the claims in the instant petition for a writ of *habeas corpus* the Mississippi Supreme Court. Indeed, Montgomery recently filed an appeal of the lower court's denial of his post-conviction motion challenging the revocation of his post-release supervision. As such, he has an "available procedure" under state law through which he can pursue his claims challenging the revocation to exhaustion. *See* 28 U.S.C. § 2254(c). Therefore, the instant federal petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

The court cautions Montgomery that the federal statute of limitations period set forth in 28 U.S.C. § 2244 provides only a one year limitations period for filing a timely petition. The filing of a state court post-conviction application or motion will toll the limitations period only as long as any such pleading is pending in that court and is filed before the federal statute of limitations period has expired. In this case, Montgomery's supervised release was revoked on December 13, 2013. Therefore, Montgomery must be diligent in filing any new federal *habeas corpus* petition challenging his revocation after post-conviction relief has been completed in state court – because the limitations time clock was only tolled during the pendency of his post-conviction action and will begin to run again upon a decision by the state's highest court. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of August, 2014.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**